UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-319-PEP

LOIS ROSE on behalf of N.D.R.,                                              PLAINTIFF,


V.                                **MEMORANDUM OPINION
                                   AND ORDER**


JO ANNE B. BARNHART,
Commissioner of Social Security,                                        DEFENDANT.


## I.  INTRODUCTION

Lois Rose (hereinafter "Plaintiff"), on behalf of her minor daughter N.D.R., has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of Defendant Commissioner denying Plaintiff's application for childhood supplemental security income. This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Commissioner.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed the current application for childhood supplemental security income on

April 5, 2002.[1]  (Tr. 470-472.)  The claim was denied initially and on reconsideration.  (Tr. 442-445, 451-454.)   At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge John M. Lawrence (hereinafter "ALJ"), was conducted on April 3, 2003.  (Tr. 634-655.)  Plaintiff, accompanied by counsel, testified at the hearing.  (Id.) The ALJ also solicited N.D.R.'s testimony.  (Id.)  On April 21, 2003, the ALJ issued an unfavorable administrative decision.  (Tr. 399-406.)  The ALJ found that N.D.R. was not disabled and, as a consequence, not eligible for childhood supplemental security income. (Id.) The Appeals Council declined to review the ALJ's decision (Tr. 389-392) and Plaintiff now seeks judicial review.

At the time of the administrative decision, N.D.R. was a twelve year old sixth grader. (Tr. 638.)  At the first step of the sequential evaluation process utilized in the determination of childhood supplemental security income claims, see generally 20 C.F.R. § 416.924, the ALJ found that N.D.R. had not engaged in substantial gainful activity since November 15, 1994, the alleged onset date of disability.  (Tr. 405.)  At the second step, the ALJ found that N.D.R. did not have medically determinable severe impairments, either singly or in combination.  (Id.)  Accordingly, the ALJ found N.D.R. not disabled at step two of the

---

[1] On behalf of N.D.R., Plaintiff filed two previous applications for childhood supplemental security income.  Plaintiff's August 18, 1997 application was denied initially and on reconsideration. (Tr. 96-99, 104-105, 111-113.)  Upon Plaintiff's motion, her request for an administrative hearing was dismissed on October 29, 1998.  (Tr. 264.)  Plaintiff's September 15, 1999 application was also denied initially and on reconsideration.  (Tr. 265-268, 272-275, 280-282.)  On August 30, 2001, Administrative Law Judge Ronald M. Kayser issued an unfavorable administrative decision.  (Tr. 21-28.)  The decision was affirmed on appeal to this Court.  Rose v. Soc. Sec. Admin., 7:02-cv-00494-DLB (E.D. Ky. Nov. 12, 2003).

sequential evaluation process.  See 20 C.F.R. § 416.924(c).  The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 16, 2005.  (Tr. 389-392.)  Plaintiff thereafter filed this action.  By virtue of the parties' stipulations of consent (Record Nos. 10, 11, & 15), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 18 & 20), which are now ripe for review.

### III. ANALYSIS

#### A.  General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding the claimant not disabled is supported by substantial evidence.  42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her

v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

B. Plaintiff's Contentions on Appeal and Analysis

Plaintiff presents two claims of error on appeal to this Court. First, Plaintiff argues that the ALJ erred at step two of the sequential evaluation process by finding that N.D.R.'s attention deficit hyperactivity disorder (hereinafter "ADHD") was non-severe within the definition of the Social Security Act. Secondly, Plaintiff argues that the ALJ also erred at step three of the sequential evaluation process by failing to find that N.D.R.'s condition met, medically equaled, or functionally equaled Section 112.11 of the Listings, see 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.11.

Plaintiff's second argument may be summarily rejected because it presupposes that Plaintiff prevails on her for first argument, which, for the reasons stated below, the

4

undersigned finds to be without merit.  An ALJ proceeds through a three part sequential evaluation process in determining whether a claimant is disabled for purposes of childhood supplemental security income.  First, the ALJ considers whether the claimant is engaging in substantial gainful activity.  Next, the ALJ determines whether the claimant suffers from a medically determinable impairment that is severe.  Finally, the ALJ considers whether the claimant's condition meets, medically equals, or functionally equals an impairment in the Listings.  However, proceeding through the remaining steps of the sequential evaluation process is unnecessary if the ALJ finds, at the first step, that the claimant is engaging in substantial gainful activity or finds, at second step, that the claimant does not suffer from a severe medically determinable impairment.  See 20 C.F.R. § 416.924.  For the reasons stated below, the undersigned finds that substantial evidence in the record supports the ALJ's finding that N.D.R.'s ADHD was a non-severe impairment.  Thus, the ALJ was not required to proceed to the third step of the sequential evaluation process.  Accordingly, Plaintiff's claim of error with regard to the third step of the sequential evaluation process shall be summarily denied.

Plaintiff's first argument, that the ALJ erred in finding that N.D.R.'s ADHD was not severe within the meaning of the Social Security Act, is not meritorious.  The implementing Regulation defines a non-severe medically determinable impairment as "a slight abnormality . . . that causes no more than minimal functional limitations." 20 C.F.R. § 416.924(c).  Non-severity in the context of childhood supplemental security income is defined in much the

same terms as in the disability insurance benefits and adult supplemental security income contexts, where a non-severe impairment is defined as an impairment that does not significantly limit the claimant's physical and mental ability to perform basic work activities.[2]  20 C.F.R. §§ 404.1521(a), 416.921(a).

Although the record contains diagnoses of ADHD (Tr. 239, 355), substantial evidence nevertheless exists in the record to support the ALJ's conclusion that N.D.R.'s ADHD caused no more than minimal functional limitations.  N.D.R.'s school report card indicates that she is a superb student, receiving the highest attainable mark in all her courses.  (Tr. 528.)  N.D.R.'s fifth grade teacher responded to a school questionnaire.  Therein, N.D.R.'s teacher lauded her performance, both academically and socially.  Among the teacher's comments were the following:  "N.D.R. consistently excels at her academic endeavors, making 'all As' throughout this school year;" "N.D.R. has interacted in an appropriate manner for her age;"  "N.D.R. shows high ability to follow instructions, to work independently, and to concentrate.  Sometimes, she takes projects home to do 'extra' work;" and "N.D.R. interacts in an appropriate manner with other students.  She doesn't seem to pick out just one or two of her peers to be friends with, but a large group."  (Tr. 493-494.)  Similarly, N.D.R.'s fourth garde teacher reported that N.D.R. "is in the top 5% of her class.  She is a very intelligent child and attends school regularly."  (Tr. 345.)  She also stated that N.D.R. "is very well behaved and has no problems with following rules."  (Id.)  Furthermore,

---

[2] The only apparent difference is the understandable omission of any reference to work activities in the childhood supplemental security income context.

the State agency psychological consultants that reviewed the medical evidence in the record opined that N.D.R. did not suffer from a severe medically determinable impairment.  (Tr. 535-540, 542-547.)

The essential issue on appeal to this Court is whether the ALJ's decision finding the claimant not disabled is supported by substantial evidence.  Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-69.  In this case, substantial evidence exists in the record to support the ALJ's finding that N.D.R.'s ADHD did not cause more than minimal functional limitations and was, therefore, non-severe.  The fact that some of the evidence in the record may support a contrary conclusion is insufficient grounds for reversal.  See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90.

## IV.  CONCLUSION

Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1)    Defendant Commissioner's motion for summary judgment (Record No. 20) is hereby GRANTED.

(2)    Plaintiff's motion for summary judgment (Record No. 18) is hereby DENIED.

(3)    Judgment be entered AFFIRMING the Commissioner's final decision, dismissing this action with prejudice, and directing that this action be stricken from the Court's docket.

Signed August 18, 2006.



Signed By:

**_Peggy E. Patterson_**

**United States Magistrate Judge**

Date of Entry and Service: